**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**ROCKFORD DIVISION**

| | | |
|---|---|---|
| TERRY RUCKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ROCKFORD MERCANTILE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

TERRY RUCKS ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against ROCKFORD MERCANTILE AGENCY ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Rockford, Winnebago County, Illinois, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation located in Rockford, Winnebago County, Illinois.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt. The debt is allegedly owed for Plaintiff's medical bills, which, upon information and belief, were paid for by insurance or the state of Illinois through Medicaid/Medicare.

11. Beginning in February 2010, began contacting Plaintiff up to two times per month and on some days, Defendant called Plaintiff up to two times in one day.

12. Defendant has made personal attacks on Plaintiff by calling him a "liar" and a "dead beat." Defendant told Plaintiff that it was a "pointless conversation" when Plaintiff tried to explain why he could not paid the alleged debt because he unemployed and on disability.

13. Defendant threatened to garnish his wages, even though he was and is currently unemployed and on disability.

14. In or around February 2011, Defendant threatened to take money directly from

Plaintiff's Social Security disability check if he did not pay. Plaintiff's wife, Donna Rucks, heard this threat as well Plaintiff's friend, Laurie Tharpe, as Plaintiff put the call on speaker phone. Plaintiff told Defendant not to call again, and to only communicate via letter, but Defendant continues to call.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(B) of the FDCPA by communicating with the anyone except Plaintiff, Plaintiff's attorney, or credit bureau concerning the debt without prior consent from Plaintiff given directly to Defendant.

    b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff; and

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

    e. Defendant violated §1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages.

    f. Defendant violated §1692e(5) of the FDCPA by threatening to take money from Plaintiff's Social Security Disability check.

    g. Defendant violated §1692e(10) of the FDCPA by using false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

WHEREFORE, Plaintiff, TERRY RUCKS, respectfully requests judgment be entered against Defendant, ROCKFORD MERCANTILE AGENCY, for the following:

16. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

18. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _/s/ Adam T. Hill_____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison Street, 10th Floor
Chicago, IL 60602
(312) 578-9428
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TERRY RUCKS, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF ILLINOIS

COUNTY OF WINNEBAGO)

Plaintiff, TERRY RUCKS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TERRY RUCKS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

3-25-2011
Date

*Terry Rucks*
TERRY RUCKS